# RIEK v. MESSENGER

No. 2674

March 18, 1925.                                234 P. 30.

1. APPEAL AND ERROR—FAILURE TO FORMALLY ASSIGN ERRORS WAIVED WHERE NO OBJECTION MADE.

   Failure to formally assign errors will be considered as waived in absence of objection.

2. MINES AND MINERALS—WORK DONE FOR BENEFIT OF ONE MINING CLAIM HELD NOT TO CONSTITUTE ANNUAL LABOR FOR ENTIRE GROUP.

   Work on one claim is not sufficient to constitute the required annual labor for a group of claims, unless it tends to develop the entire group, and is done in good faith for that purpose.

3. MINES AND MINERALS — COOWNER'S INTEREST IN GROUP OF CLAIMS CANNOT BE FORFEITED FOR NONPAYMENT OF ASSESSMENT WORK DONE FOR BENEFIT OF BUT ONE CLAIM.

   The interest of a coowner of a group of mining claims cannot be forfeited for nonpayment of his share of expense of annual representation work, where bulk of work was driving tunnel on one claim in direction opposite to other claims of group, and which could not possibly benefit such other claims.

4. MINES AND MINERALS—PROOF OF FAILURE OF PROPER PUBLICATION HELD TO DEFEAT FORFEITURE UNDER STATUTE AND IMPROPERLY REFUSED IN SUIT TO QUIET TITLE.

   Under Rev. St. U. S. sec. 2324 (U. S. Comp. St. sec. 4620), authorizing forfeiture of coowner's interest in mining claims for nonpayment of his proportion of annual work by publication of notice at least once a week, for 90 days, proof that newspaper containing notice was not published for one or more weeks during required period will defeat forfeiture, and in action to quiet title it was error to reject such evidence.

See (1) 3 C. J. sec. 1481, p. 1341, n. 76; (2, 3, 4) 27 Cyc. p. 592, n. 72; p. 594, n. 97; p. 656, n. 65 (new).

APPEAL from Seventh Judicial District Court, Mineral County; *J. Emmett Walsh,* Judge.

Action to quiet title to mining claims by Carl S. Riek against Ed. V. Messenger. Judgment for defendant, and plaintiff appeals. **Reversed.**

*I. S. Thompson,* for Appellant:

Partner cannot forfeit his copartner's interest in mining claims, because he has adequate remedy by accounting. Each partner is liable for full amount of

indebtedness, not merely for pro rata share. Lindley on Mines, 1007; Stuart v. Adams, 89 Cal. 367.

Notice of forfeiture which does not specify amount money spent on each claim nor facts which might excuse expenditure, is fatally defective. Haynes v. Briscoe, 67 P. 156.

Affidavit of publication which sets forth first and last publication, but not date of each insertion, is defective. Notice must be inserted in newspaper published nearest claims; proof must show this. The court erred in rejecting offered testimony that during period of publication newspaper was not published for three weeks. U. S. Rev. Stats. 2324; 15 Morrison, 146.

*C. C. Ward,* for Respondent:

Dictum in 2 Lindley, sec. 630, that work performed must manifestly tend to develop all claims in group has been considered, criticized and rejected in Love v. Mt. Oddie U. M. Co., 43 Nev. 67. Court there adopts contrary view expressed in Smelting Co. v. Kemp, 104 U. S. 635.

Alleged defect in printed notice was mere indistinct imprint of final stroke of letter "r" in plaintiff's name, not misleading or prejudicial. Plaintiff's admission of verbal notice makes any typographical error in printed notice immaterial.

In action to quiet title plaintiff must establish his title regardless of whether defendant's title is valid or not. Schroder v. Aden G. M. Co., 144 Cal. 628.

Annual assessment work must be for development of claim and to facilitate extraction of minerals it may contain. Hough v. Hunt, 138 Cal. 142. Labor and improvements may be on ground which originally constituted only one claim. Smelting Co. v. Kemp, supra; Love v. Mt. Oddie U. M. Co., supra.

Findings of trial court on conflicting evidence are conclusive. Lombardi v. Lombardi, 44 Nev. 341.

Question whom burden of proof rests on is determined by ascertaining which party, without evidence, would be compelled to submit to adverse judgment. Coffman v. Pub. Co., 65 Wash. 1.

## OPINION

By the Court, COLEMAN, C. J.:

This is an action to quiet title to an undivided half interest in a group of 16 mining claims known as Red Wing, Red Wing Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, Red Wing Extension, Mollie Hogan, Bobbie and Dollie, and for an accounting. The appeal is from a judgment in favor of the defendant and from an order denying a motion for a new trial.

The mining claims in question were located in 1917 in the names of the plaintiff and the defendant. In the summer of 1921 the defendant, claiming that he had done $1,600 worth of work upon the claims at his own expense for the year 1920, and that the plaintiff had failed to do one-half of the annual labor for said year, or to contribute to the defendant one-half of the amount expended by him, to wit, $800, advertised in a certain newspaper a notice of forfeiture directed, as it is alleged by the defendant, to this plaintiff. Further facts will appear from the opinion.

1. No errors have been formally assigned, but since no point is made of that fact, we will consider the failure so to do as waived.

2, 3. One of the points discussed by counsel for the appellant is that, since no work whatever was actually done upon several of the claims in question, and since it was admitted by the defendant upon the witness stand that the bulk of the work done by him could not tend to develop certain of the claims, the work done could not constitute annual labor for the entire group. He was asked:

"Q. Now, this tunnel started on No. 11 could never reach any of these properties, could it? A. That was not the intention of the tunnel."

The question was read again and he answered, "No."

"Q. That tunnel that you refer to on No. 11, in which direction is it drifting? A. The general direction is south.

"Q. So that it is not being driven in the direction of the other claims at all? A. No, sir."

According to his own testimony he did not do in all for the year 1920 to exceed 310 days' work, of which he testified 214 were done on Red Wing No. 11, in a tunnel running in a direction opposite to the other claims. On nine of the claims no work whatever was actually done, taking his own testimony for it. Hence on one claim 214 days' work was performed, and between six others 90 shifts were performed in open cuts. That such work cannot be applied as annual labor upon a group of 16 claims is too clear for serious doubt. In the case of Love v. Mt. Oddie United Mines Co., on rehearing 43 Nev. 61, 184 P. 921, we laid down the law, stating what is necessary to constitute the annual labor for a group of claims when the work is not done on each claim. The test as to whether work done upon one claim for a group of claims will constitute the annual labor for the group is whether it is done in a manner tending to develop the entire group and for the purpose of so developing the entire group, in the honest belief that it so tends to develop them.

It is not even asserted that the bulk of the work claimed to have been done could tend to develop any claim except the one on which the work was done. The other work was scattering and done in open cuts. No such work can count as annual labor for the entire group of claims, and for this reason alone the judgment is erroneous.

3. It is also contended that the trial court erred in rejecting an offer of testimony made by the plaintiff to show that, during the period of publication of the notice of forfeiture relied upon by the defendant, the newspaper in which said notice was printed was not printed and published for one or more weeks.

Section 2324, Rev. St. of the United States (U. S. Comp. St. sec. 4620), provides that upon the failure of one or more coowners to contribute his proportion of expenditure incurred by another coowner in doing annual labor upon mining claims, the coowner who has performed the labor, at the expiration of the year, may give such delinquent coowners notice in writing or by

publication in the newspaper nearest the claim for at least once a week for 90 days, etc. Under this provision, if the plaintiff could show that the notice was not published one week during the 90 days, there could have been no judgment such as here rendered. The court erred in rejecting the offer.

Other errors are discussed, but we do not deem it necessary to consider them.

For the reasons given, it is ordered that the judgment be reversed.